IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

CYRUS RAMBO,            )
                        )
    Petitioner,         )
                        )
         v.             )    CV 110-146
                        )
RALPH KEMP, Warden,     )
                        )
    Respondent.         )

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 8). Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge found the petition to be untimely because it was filed after the expiration of the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d). In his objections, Petitioner contends that the limitation period should be equitably tolled because he "is a mental health patient, who could not read or write above a 2nd grade level during the 'habeas tolling' period." (Doc. no. 8, p. 8.)

As noted by the Magistrate Judge, equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Mental incapacity does not warrant equitable tolling unless a petitioner "can establish a causal connection between his alleged mental incapacity and his ability to file a timely petition." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005),

*aff'd*, Lawrence, 549 U.S. 327 (2007). Here, Petitioner has alleged that he is a mental health patient, but does not state the nature of his mental incapacity or show how that mental incapacity prevented him from filing his petition in a timely manner. Therefore, Petitioner's assertion of mental illness is insufficient under Eleventh Circuit law to qualify for equitable tolling. Id. (holding that a "contention [of mental impairment], without more, is insufficient to justify equitable tolling").

Petitioner's contentions regarding his inability to read well are likewise inadequate for equitable tolling. Difficulties with language such as those allegedly experienced by Petitioner do not amount to the type of "extraordinary circumstances" a petitioner must show to receive the benefit of equitable tolling. See United States v. Montano, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005) (rejecting argument that habeas limitation period should be tolled because of petitioner's "difficulties with the English language"); see also Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (finding that illiteracy during the applicable filing period does not merit equitable tolling). Moreover, Petitioner's ability to effectively submit his petition and his objections to the R&R in this case belies his allegation that difficulties with reading and writing prevented him from filing for relief during the limitation period. See Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) ("[W]here a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations.")

For these reasons, Petitioner has failed show that equitable tolling is appropriate in this case. In Petitioner's remaining objections, he argues that dismissal is inappropriate without first requiring Respondent to answer the petition and produce the transcripts from his trial and state habeas proceeding. However, contrary to Petitioner's assertions, dismissal is appropriate without ordering responsive pleadings or the production of such materials where, as here, "it

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4 of the Rules Governing Section 2254. Thus, Petitioner's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

Furthermore, a prisoner seeking relief under 28 U.S.C. § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Therefore, the § 2254 petition is **DISMISSED**, and this civil action is **CLOSED**.

SO ORDERED this 11th day of February, 2011, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

3